UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CENTURY 21, LLC,

    Plaintiff,

v.

JIMMY J. DAGUE, et al.,

    Defendants.

Case No. 2:08-CV-00403-KJD-RJJ

**ORDER**

Currently before the Court is Plaintiff's Motion to Dismiss Counterclaim (#19), filed June 30, 2008. Defendants filed a Response (#22), on July 14, 2008, to which Plaintiff filed a Reply (#23), on July 22, 2008.

**I. Background**

This action arises from a series of real estate franchise agreements entered into between Vision Properties, Inc. ("Visions") and Plaintiff Century 21, LLC ("Century 21") between May 16, 2001, and March 15, 2006. Defendants Jimmy J. Dague ("Dague"), Rodney L. Johnson ("Johnson"), and Michael G. Brelsford ("Brelsford") jointly and severally guaranteed prompt payment and performance of all obligations under the franchise agreements. Plaintiff filed a Complaint in this Court on March 31, 2008, which alleges five claims for relief for breach of contract

against Dague, Johnson, and Brelsford for alleged breach of the underlying franchise agreements and guarantees, among other things.

Defendants Dague, Johnson, and Brelsford, along with Ellen Heaston (hereinafter referred to collectively as "Counterclaimants") filed an Answer (#15) on May 19, 2008, and an Amended Answer with Counterclaim (#17), on June 9, 2008. The Counterclaim contains two causes of action, for (1) Declaratory Relief; and (2) Breach of the Covenant of Good Faith and Fair Dealing. Specifically, Counterclaimants seek declaratory judgment that Counterdefendant is the owner of stock that Visions' issued Plaintiff as partial consideration for the promissory notes entered into between the parties. Counterclaimants aver that Plaintiff became the owner of the stock at some time contemporaneous to the breaches of the promissory notes, and Plaintiff disclaims ownership of the stock.

Additionally, Counterclaimants aver that Plaintiff breached the implied covenant of good faith and fair dealing with them by "failing to honestly and fairly negotiate, cooperate, assist and credit, [Visions] and Counterclaimants during [Visions] Chapter 11 reorganization". (Answer and Counterclaim at 4.)

Plaintiff's Motion to Dismiss seeks that the Court dismiss the Counterclaims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Specifically, Plaintiff argues that as a matter of law, it does not own the pledged stock because it did not take the statutory action necessary to acquire ownership; and (2) that Visions' trustee is the only party that has standing to sue for breach of the covenant of good faith and fair dealing for actions that took place during Visions' bankruptcy proceedings. Plaintiff also avers that Counterclaimants lack standing because they were not party to the bankruptcy proceeding and therefore could not have been involved in negotiations with Plaintiff except as agents for Visions.

## II. Standard of Law for Rule 12

According to Fed. R. Civ. P. 12(d) the Court must treat a motion to dismiss made under Rule 12(b)(6) as a Rule 56 motion for summary judgment if "matters outside the pleadings are presented to and not excluded by the court." See Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir.2001).

Here, Plaintiff has attached to its Motion to Dismiss, an exhibit of correspondence between Plaintiff's counsel and counsel for Defendants, together with a copy of the Stock Pledge Agreement of May 7, 2007.  (See Pl.'s Motion to Dismiss at Ex. 1, Ex 2.)  Pursuant to Fed. R. Civ. P. 12(d), should the Court choose to consider Plaintiff's exhibits, it must treat the Motion as one for summary judgment and allow the parties a reasonable opportunity to present all material that is pertinent to the Motion.  Here however, the Court exercises its discretion to exclude Plaintiff's exhibits, thereby refusing to convert Plaintiff's Motion into one for summary judgment.  See Fed. . Civ. P. 12(e)

## III. Standard for Motion to Dismiss

In considering a motion to dismiss for failure to state a claim under  Fed.R.Civ.P. 12(b)(6), the court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations.  LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 (9th Cir. 2000).  The Court "must construe the complaint in the light most favorable to the plaintiff and must accept all well-pleaded factual allegations as true." Siaperas v. Mont. State Comp. Ins. Fund, 480 F.3d 1001, 1003 (9th Cir.2007) (quotation omitted).  The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir.2001).  However, there is a strong presumption against dismissing an action for failure to state a claim.  See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir.1997) (citation omitted). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  Although a plaintiff's factual allegations need not be detailed, they must allege "more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." Id.  Dismissal is proper only if no cognizable legal theory exists or the plaintiff has alleged insufficient facts to support a cognizable legal theory.  Siaperas, 480 F.3d at 1003.

**IV.  Analysis and Discussion**

Plaintiff seeks that the Court dismiss Defendants' first counterclaim for declaratory relief, arguing that Plaintiff is not the owner of the stock at issue as a matter of law, and that Defendants' claim fails to set forth an actual controversy under the Declaratory Judgment Act.  Plaintiff attempts to buttress its argument by referencing materials outside of the pleadings.  As discussed, the Court does not consider such materials at this time, and as a result, finds that Plaintiff's argument fails.  Accordingly, Plaintiff's Motion to Dismiss Defendants' first Counterclaim is denied.

Additionally, Plaintiff seeks that the Court dismiss Defendants' second counterclaim for breach of the implied covenant of good faith and fair dealing, arguing that Defendants do not have standing to bring a claim arising from Visions' bankruptcy proceedings.

Defendants' second counterclaim states,

> Counterdefendant breached the covenant of good faith and fair dealing with Counterclaimants and Visions Properties, Inc. dba Century 21 Aadvantage Gold by failing to honestly and fairly negotiate, cooperate, assist and credit, Visions Properties, Inc. dba Century 21 Aadvantage Gold and Counterclaimats, during Visions Properties, Inc. Chapter 11 reorganization, causing damages to Counterclaimants in excess of $75,000.00 the full amount to be proven at trial.

(Defs.' Answer and Counterclaim at ¶ 9.)  The Court has examined the counterclaim, together with Plaintiff's Motion, yet cannot determine the behavior upon which Counterclaimants are making their claim for relief.  Accordingly, the Court orders *sua sponte*, that Counterclaimants file a more definite statement pursuant to Fed. R. Civ. P. 12(e) regarding their second counterclaim in order that Plaintiffs may reassert any arguments regarding standing.

**V. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss (#19) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants shall file a more definite statement on or before March 19, 2009. Failure to file a more definite statement may result in dismissal of Defendants' second counterclaim.

DATED this 9th day of March 2009.

_____
Kent J. Dawson
United States District Judge

5