UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CENTURY 21, LLC,

    Plaintiff,

v.

JIMMY J. DAGUE, et al.,

    Defendants.

Case No. 2:08-CV-00403-KJD-RJJ

**ORDER**

    Currently before the Court is Plaintiff Century 21, LLC's ("Century 21") Motion to Enter Consent Judgment (#45). To date, no points and authorities in opposition have been filed. For the reasons stated herein, Plaintiff's Motion is denied.

    This action arises from a series of real estate franchise agreements entered into between Vision Properties, Inc. ("Vision") and Century 21, between May 16, 2001, and March 15, 2006. Defendants Jimmy J. Dague ("Dague"), Rodney L. Johnson ("Johnson"), and Michael G. Brelsford ("Brelsford") jointly and severally guaranteed prompt payment and performance of all obligations under the franchise agreements. Plaintiff filed its Complaint in this Court on March 31, 2008, alleging five claims for relief for breach of contract based upon Defendants' alleged defaults under the guarantees. On June 9, 2008, Defendants Dague, Johnson, and Brelsford, along with Ellen

Heaston ("Heaston") filed an Amended Answer with Counterclaim (#17), bringing two causes of action for declaratory relief and breach of the covenant of good faith and fair dealing.

According to the instant Motion, the parties entered into a Settlement Agreement in November 2009, wherein Defendants provided Century 21 with a Consent Judgment establishing and acknowledging their liability for the sum of $1,000,000 as a "Compromised Indebtedness".[1] (See #45 Ex. 2, Section 4.1.)  Pursuant to Paragraph 5 of the Settlement Agreement, the Consent Judgment was to be held in escrow by Century 21, and not filed unless Defendants defaulted under the terms of the Settlement Agreement.  Here, Century 21 avers that it is entitled to the immediate entry of the Consent Judgment in the amount of $1,000,000 against Dague, Johnson, Brelsford, and Heaston because Defendants defaulted on their obligations under the Settlement Agreement, and have not cured their default.[2]

Section 7.1 of the Settlement Agreement provides, that:

> In the event that Guarantors do not cure the breach [of the Settlement Agreement] within ten (10) days from the date of issuance of the written notice, then Century 21 shall be entitled to complete the amount due on the Consent Judgment and file the same with a court of competent jurisdiction along with an affidavit executed by Century 21 or by the attorney for Century 21, evidencing the defaults of the Guarantors under the terms hereof, whereupon the court shall enter the Consent Judgment reflecting the obligations owed to Century 21 by the Guarantors as set forth herein.

---

[1] Specifically, Sections 4.1 and 4.2 of the Settlement Agreement provide that Defendants Dague and Brelsford "shall pay the to Century 21 the sum of one million dollars ($1,000,000)" as the "Compromised Indebtedness", and that Century 21 "shall forgive the balance of the Compromised Indebtedness" upon Dague and Brelsford's timely payment of three-hundred thousand dollars ($300,000) in ten equal installments over a five-year period. (#45-3 at 6–7.)

[2] The "Amounts Due" section of the Settlement Agreement sets forth the amounts owed by each "Guarantor" to Century 21 as a "Guarantor Indebtedness". (#45-3 at 5.)   The section specifically states that Guarantors Dague, Johnson, and Brelsford owe Plaintiff a total of $4,377,147.49 plus attorney's fees and costs jointly, and that Heaston's individual indebtedness to Plaintiff totals $231,333 plus attorney's fees and costs, and is denoted the "Heaston Portion" of the Guarantor Indebtedness.  (Id.)
The subsequent "Acknowledgment of Obligations" section of the Settlement Agreement states that the "Guarantors acknowledge their absolute, joint and several liabilities to Century 21for the Guarantor Indebtedness . . . and agree to compromise the payment of the Guarantor Indebtedness pursuant to the Agreement."  (Id. at 6.)  This section however, fails to separately designate Heaston's Portion of the Guarantor Indebtedness, as in the Amounts Due section, but appears to aggregate her portion of the Guarantor Indebtedness together with the amount owed by Dague, Johnson, and Brelsford.  Accordingly, it is unclear whether Heaston may be "jointly" liable for the full "Compromised Indebtedness" amount of $1,000,000 set forth in the Motion to Enter Consent Judgment. (Id.)

(#45 Ex. 2, Section 7.1.)

Upon examination of Plaintiff's submitted Orders for Consent Judgment, the Court notes that contrary to the terms of the Settlement Agreement, Plaintiff has failed to "complete the amount due on the Consent Judgment" prior to filing, or to recognize a discrepancy, if there be any, between the amount owed by Heaston, and the amount owed by Dague, Johnson, and Brelsford jointly.  (Id.) Additionally, the Court notes that the attached Settlement Agreement exhibit and submitted Orders for Consent Judgment do not contain dates upon which the agreements were entered into by the above listed parties.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Century 21, LLC's Motion to Enter Consent Judgment (#45) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that on or before November 15, 2010, Plaintiff Century 21, LLC shall file an amended Motion for Judgment with the amount due on the Orders for Consent Judgment completed for each party, and properly demonstrating the dates of signature of both the underlying Settlement Agreement and Orders for Consent Judgment.

DATED this 15th day of October, 2010.

_____
Kent J. Dawson
United States District Judge